# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNTEL RAMPP,<br><br>                        Plaintiff,<br>   v.<br><br>OCWEN FINANCIAL CORPORATION, AND DOES 1 THROUGH 20,<br><br>                       Defendants. | Case No. 11cv3017 BTM(NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT AND GRANTING IN PART AND DENYING IN PART MOTION FOR PRELIMINARY INJUNCTION** |

      Ocwen Financial Corporation and Ocwen Loan Servicing, LLC (sued as "Ocwen Financial Corporation") (collectively "Ocwen") have filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC")[1]. Plaintiff Chauntel Rampp ("Plaintiff") has filed a motion for preliminary injunction, seeking an order enjoining Ocwen from foreclosing on her property and requiring Ocwen to pay the legal fees she has incurred to date. For the reasons

---

[1] Ocwen Loan Servicing, LLC appears to be a proper party to this action because it is the current servicer of Plaintiff's mortgage. However, Plaintiff did not sue Ocwen Loan Servicing, LLC and names as a defendant Ocwen Financial Corporation. In her Opposition to the Motion to Dismiss, at 3, Plaintiff claims that she intentionally sued Ocwen Financial Corporation because it is the parent company that owns Ocwen Loan Servicing. Plaintiff does not, however, explain why she did not name Ocwen Loan Servicing, LLC, as a defendant and does not set forth the theory under which the parent company would be liable for the actions of the LLC. Ocwen has not moved to dismiss the FAC on this ground and Ocwen Loan Servicing, LLC has made an appearance. Therefore, the Court will not, at this point in time, dismiss the FAC based on Plaintiff's failure to name the proper party or to establish the liability of Ocwen Financial Corporation for the actions of Ocwen Loan Servicing, LLC.

discussed below, Ocwen's motion to dismiss is **GRANTED IN PART and DENIED IN PART**. Plaintiff's motion for preliminary injunction is **GRANTED** to the extent Plaintiff seeks to enjoin foreclosure and is **DENIED** to the extent Plaintiff seeks the recovery of legal fees.

## I. FACTUAL BACKGROUND

In this lawsuit, Plaintiff Chauntel Rampp alleges that Ocwen has wrongfully refused to honor a loan modification agreement Plaintiff entered into with the prior loan servicer, Litton Loan Servicing LP ("Litton").

On September 7, 2005, James and Chauntell Rampp obtained a loan in the amount of $400,000.00, which was secured by a Deed of Trust on the property located at 244 Avalon Drive, Vista, CA 92083 (the "Property").

Also on September 7, 2005, James and Chauntell Rampp obtained a loan in the amount of $100,000, which was secured by a second Deed of Trust on the Property.

On January 22, 2009, a Notice of Default was recorded against the Property.  (Def. RJN, Ex. 3.)  According to the Notice of Default, the Rampps were in arrears in the amount of $18,956.41.

In her verified FAC, Plaintiff states that on April 4, 2011, she entered into a valid contract for the modification of the $400,000 loan.  (FAC ¶ 6.)  Plaintiff states that she complied with all of the conditions of the contract for modification, including making her modified payments on time.  (FAC ¶ 7.)

Attached to the FAC is a letter dated January 24, 2011, on Litton Loan Servicing letterhead.  (Ex. A to FAC.)  The letter states that it is a "commitment letter" that contains Litton's offer to modify the terms of the $400,000 loan.  The letter sets forth the terms of the modification, including the new principal balance and monthly payment.  The letter states that to accept the offer for a modified mortgage, the Rampps must sign and return the letter by February 7, 2011.  The offer is made by "Prommis Solutions as authorized agent for Litton Loan Servicing LP."  At the end of the letter are terms for "Acceptance of Offer for Modified Mortgage," followed by signature lines under the words: "I/We have had the opportunity to

consult with legal and/or tax counsel prior to accepting this offer, and whether or not I/we retained such counsel, I/we have agreed to these terms and conditions." The Rampps signed the letter on January 31, 2011, and presumably returned it by February 7, 2011, resulting in the issuance of a formal loan modification agreement and related documents. (Ex. A to FAC.) These formal documents were signed by the Rampps on April 4, 2011.

In a letter dated August 15, 2011 (Ex. B to FAC), the Rampps were notified by Litton that Ocwen Loan Servicing, LLC, was taking over the servicing of the account. Litton assured the Rampps: "The transfer of the servicing of your account does not affect any term or condition of your financing agreement, other than terms directly related to the servicing of your account."

When Ocwen Loan Servicing, LLC, took over the servicing of the loan, it informed Plaintiff that she did not have a valid loan modification. (FAC ¶ 8.) In a letter dated September 27, 2011, Ocwen Loan Servicing, LLC, states that according to its records, although the Rampps were approved for a loan modification, they declined the modification offer on August 26, 2011. (Ex. C to FAC.) Plaintiff contends that the agreement had already been finalized by then and that there was no refusal. (Opp. to Mot. to Dismiss at 2.) Once Ocwen refused to accept payments under the modified agreement, Plaintiff stopped making the payments and has put them aside. (Rego Decl. in Opp. to Mot. to Dismiss, 2.)

On December 27, 2011, Plaintiff commenced this action. In her FAC, Plaintiff asserts the following claims: (1) specific performance of contract; (2) breach of contract; and (3) injunctive relief.

## II. DISCUSSION

Plaintiff seeks a preliminary injunction, enjoining Ocwen from foreclosing on the Property and requiring Ocwen to pay Plaintiff's legal fees incurred to date. Ocwen, in turn, has filed a motion to dismiss the FAC for failure to state a claim. The Court **GRANTS** Plaintiff's motion for preliminary injunction to the extent that it seeks to enjoin foreclosure proceedings but **DENIES** Plaintiff's request for attorney's fees. The Court **GRANTS IN**

**PART** and **DENIES IN PART** Ocwen's motion to dismiss.

A. <u>Motion to Dismiss</u>

    1. <u>Breach of Contract & Specific Performance</u>

Ocwen argues that Plaintiff's claims for specific performance and breach of contract fail because the loan modification agreement does not comply with the statute of frauds. Ocwen argues that the agreement is unenforceable because the agreement is not signed by Ocwen. The Court does not find this argument to be persuasive.

Ocwen is correct that the loan modification agreement is subject to California's statute of frauds, Cal. Civ. Code § 1624. A mortgage falls within the statute of frauds, and an agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds. <u>Seacrest v. Security Nat'l Mortg. Loan Trust</u>, 167 Cal. App. 4th 544, 552-53 (2008).

However, it appears that the loan modification agreement complies with the statute of frauds. Under Cal. Civ. Code § 1624, an agreement by a purchaser of real property to pay an indebtedness secured by a mortgage or deed of trust upon the property purchased is invalid "unless [it], or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent." The signature of the party to be charged "need not be manually affixed, but may in some cases be printed, stamped or typewritten" <u>Marks v. Walter G. McCarty Corp.</u>, 33 Cal. 2d 814, 820 (1949). The statute of frauds is not satisfied, however, "unless it is proved that the name relied upon as a signature was placed on the document or adopted by the party to be charged with the intention of authenticating the writing. In other words the defendant must intend to appropriate the name as a signature." <u>Id.</u>

The commitment letter was on Litton Loan Servicing letterhead. The letter stated that it was an offer and contained the material terms of the modification. Although there was no handwritten signature, the offer letter closed with the typed words "Sincerely, Prommis Solutions as authorized agent for Litton Loan Servicing LP." Based on the evidence before

the Court, it appears that Litton did intend to authenticate the writing as an offer from Litton. Therefore, upon the Rampps' acceptance of the offer, the modification agreement became an enforceable contract that satisfies the statute of frauds. See Khan v. America, 2011 WL 5079510, at * 4 (N.D. Cal. Oct. 25, 2011) (holding that loan modification agreement letter with Bank of America's electronic signature complied with the statute of frauds).

Although Ocwen Loan Servicing, LLC, did not itself sign the modification agreement, it presumably is bound by modification agreements entered into Litton, the prior servicer. In the Notice of Servicing Transfer, Litton even stated, "The transfer of the servicing of your account does not affect any term or condition of your financing agreement . . . . " (Ex. B to FAC.)

Having satisfied the statute of frauds, Plaintiff has stated sufficient facts to state a claim for breach of contract and specific performance.  The elements of breach of contract are: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting damages to the plaintiff.  CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).  To establish a right to specific performance, the plaintiff must establish: (1) the contract terms are sufficiently definite; (2) consideration is adequate; (3) there is substantial similarity of the requested performance to the contractual terms; (4) there is mutuality of remedies; and (5) plaintiff's legal remedy is inadequate.  Blackburn v. Charnle, 117 Cal. App. 4th 758, 766 (2004). Plaintiff has stated facts satisfying these elements  – e.g., the existence of a contract with definite terms, Plaintiff's performance under the contract and reliance on the modification, defendant's breach, identity of the requested performance to the contractual terms, and the need for specific performance so that Plaintiff can retain possession of the Property.

Ocwen points out that specific performance is not itself a cause of action, but, rather, a remedy for breach of contract. Golden West Baseball Co. v. City of Anaheim, 25 Cal. App. 4th 11, 49 (1994).  Although Ocwen is correct, the Court finds it unnecessary to dismiss the specific performance claim on this technical ground.

### 2. Injunctive Relief

Ocwen argues that Plaintiff's injunctive relief claim fails because it is premised on the breach of contract and specific performance claims, which also fail. However, as discussed above, the Court finds that Plaintiff has stated claims for breach of contract and specific performance.

The Court discusses Plaintiff's right to injunctive relief in greater detail in Section II.B., infra.

### 3. Wrongful Foreclosure & Unfair Business Practices

The caption page of the FAC lists a claim for wrongful foreclosure. However, the body of the FAC does not include a claim for "wrongful foreclosure."

Paragraphs 22 and 23 of the FAC, under the "Injunctive Relief" heading, refer to violations of Cal. Bus. & Prof. Code § 17200. (FAC ¶¶ 22, 23.) However, the caption page does not list a separate claim under § 17200, and the body of the FAC lacks a separate cause of action under § 17200.

To the extent Plaintiff means to assert claims for wrongful foreclosure and violation of Cal. Bus. & Prof. Code § 17200, the Court dismisses those claims without prejudice for failure to clearly assert the claims and allege facts supporting the claims.

### 4. Attorney's Fees and Sanctions

The caption page lists a claim for "legal fees and sanctions." Paragraphs 12 and 13 of the FAC allege that Ocwen should pay legal fees, costs, and sanctions, because Plaintiff's counsel has spent numerous hours meeting and conferring regarding the issues in this lawsuit. The Prayer for Relief also requests "legal fees and sanctions" in the amount of $180,000.00.

Generally, breach of contract damages do not include attorney's fees. Under Cal. Civ. Code § 1717, attorney's fees are recoverable by the prevailing party on a contract claim where the contract specifically provides for such relief. Under California law, unless

authorized by statute or agreement, attorney's fees ordinarily are not recoverable as costs. Reynolds Metals Co. v. Alperson, 25 Cal. 3d 124, 128 (1979).

Plaintiff has not identified a contractual term or statute that provides for the recovery of attorney's fees in this case. Nor has Plaintiff identified the legal authority for awarding "sanctions." Therefore, the Court dismisses Plaintiff's claim for "legal fees and sanctions." The Court strikes Paragraphs 12 and 13 of the FAC as well as item 7 in the Prayer for Relief.

B. <u>Motion for Preliminary Injunction</u>

Plaintiff seeks a preliminary injunction enjoining Ocwen from taking any further action to foreclose on the Property. Plaintiff also asks the Court to order Ocwen to pay the legal fees incurred by Plaintiff to date. For the reasons discussed above, Plaintiff has not shown that she is entitled to attorney's fees. Therefore, the Court denies Plaintiff's request for attorney's fees. However, the Court will grant a preliminary injunction enjoining Ocwen from taking any further action to foreclose on the Property.

To prevail on a motion for a preliminary injunction, the moving party must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit has also articulated an alternate formulation of the Winter test under which "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Farris v. Seabrook, 677 F.3d 848, 864 (9th Cir. 2012) (quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011))

Based on the record before the Court, it appears that Plaintiff has raised serious questions going the merits. There is evidence that Plaintiff entered into an enforceable loan modification agreement with Litton and performed under the modified agreement. There is also evidence that Ocwen has refused to honor the loan modification agreement, even

though it assumed the rights and obligations of the prior servicer. Accordingly, Plaintiff may very well prevail on her claims for breach of contract and specific performance.

Absent injunctive relief, Plaintiff is likely to suffer irreparable harm in the form of loss of her Property. Any pecuniary harm that may be suffered by Ocwen as a result of the injunction can be counterbalanced by ordering that Plaintiff post a bond. Thus, the balance of equities tips in favor of granting injunctive relief.

An injunction is also in the public interest because it furthers the goals of protecting borrowers' rights and preventing improper foreclosures.

Therefore, The Court grants Plaintiff's motion for a preliminary injunction. The Court determines that the proper amount of the bond is the modified monthly payment ($2,391.41) that is due from this point going forward. In order for the injunction to remain in effect, every month (on the first of the month or the first business day after if the first falls on a weekend or court holiday), Plaintiff must deposit with the Clerk of the Court a payment in cash or certified check in the amount of $2,391.41. Each payment must identify this case. If Plaintiff fails to post the security within the required time, Defendant may file a notice notifying the Court of Plaintiff's failure to comply. The deposits shall serve as a bond for the issuance of the preliminary injunction.

### III. CONCLUSION

For the reasons discussed above, Ocwen's motion to dismiss [Doc. No. 20] is **GRANTED IN PART and DENIED IN PART**. Ocwen's motion is **GRANTED** as to Plaintiff's claims for wrongful foreclosure, violation of Cal. Bus. & Prof. Code §17200 (to the extent that Plaintiff intends to assert such a claim), and  claim for legal fees and sanctions, which are **DISMISSED WITHOUT PREJUDICE**. The Court **STRIKES** Paragraphs 12 and 13 of the FAC as well as item 7 in the Prayer for Relief. Ocwen's motion is **DENIED** as to Plaintiff's claims for specific performance, breach of contract, and injunction. If Plaintiff chooses to do so, she may file an amended complaint within 20 days of the filing of this Order. If no amended complaint is filed, Ocwen must file an answer within 30 days of the filing of this

Order.

Plaintiff's motion for a preliminary injunction [Doc. No. 15] enjoining Ocwen from foreclosing on her Property is **GRANTED**.  Plaintiff's request for an order requiring Ocwen to pay her attorney's fees incurred to date is **DENIED**.

The Court preliminarily **ENJOINS** Ocwen Financial Corporation and Ocwen Loan Servicing, LLC, and their agents, servants, employees, and all persons in active concert or participation with any of them, from foreclosing on the property located at 244 Avalon Drive, Vista, CA 92083.

In order for the preliminary injunction to remain in effect, every month (on the first of the month or the next court business day if the first falls on a weekend or court holiday), beginning August 1, 2012, Plaintiff must make the required payment of $2,391.41 to the Clerk of the Court.

The Clerk shall place all payments made pursuant to this Order in an interest-bearing money market account.  The Clerk shall assess a charge for the handling of the funds in accordance with the fee schedule issued by the Director of the Administrative Office of the U.S. Courts.

Pursuant to CivLR 67.1.d., **IT IS ORDERED** that Plaintiff's counsel personally serve a copy of this Order on the Clerk or the Chief Deputy.  Absent the aforesaid service, the Clerk is hereby relieved of any personal liability relative to compliance with this order.

**IT IS SO ORDERED.**

DATED:  July 23, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court