ERIC D. HOUSER (SBN 130079)
BRYAN P. REGAN (256879)
HOUSER & ALLISON
A Professional Corporation
Carlsbad Pacific Center 1
701 Palomar Airport Road, Suite 200
Carlsbad, California 92011
Telephone:   (760) 603-9664
Facsimile:   (760) 603-9668
E-Mail: bregan@houser-law.com

Attorneys for Defendants, Ocwen Loan Servicing, LLC, and Ocwen Financial Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNTEL RAMPP,<br><br>Plaintiff<br><br>v.<br><br>OCWEN FINANCIAL CORPORATION, AND DOES 1 THROUGH 20;<br><br>Defendants. | Case No. 3:11-cv-03017-BTM-NLS<br><br>Hon. Barry Ted Moskowitz<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. RULE 12(b)(6)**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>[Notice of Motion and Request for Judicial Notice filed concurrently herewith]<br><br>Complaint filed: December 27, 2011<br>SAC filed: August 7, 2012 |

I.  **INTRODUCTION**

This is a simple breach of contract case in which Plaintiff alleges she entered into a valid, binding loan modification agreement in April 2011 with prior servicer, Litton, which Ocwen failed to honor upon service transfer of the loans in September 2011. However, Plaintiff's Second Amended Complaint ("SAC") is flawed because it names Ocwen Financial Corporation

1

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

1  ("Defendant") as Defendant despite the Court's statement that Ocwen Loan Servicing, LLC
2  ("OLS") (Defendant and OLS, are collectively "Defendants"), not Ocwen Financial Corporation,
3  appears to be the proper defendant in this lawsuit.  Further, Plaintiff fails to properly allege how
4  or why Ocwen Financial Corporation, a parent company, would be liable for the purported
5  actions of its subsidiary.

6  In addition, Plaintiff's second claim for a permanent injunction fails because no final
7  ruling on the merits has been entered.

8  Because Plaintiff's claims fail as a matter of law against Defendant, Defendant
9  respectfully requests that its Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) be granted
10 with prejudice.

## II. STATEMENT OF RELEVANT FACTS

On September 7, 2005, James and Chauntell Rammp ("Plaintiff") executed a Deed of Trust ("DOT") (recorded as instrument #2005-0787005 in the Official Records of San Diego County) in the amount of $400,000.00 ("Loan #1") which was secured by real property located at 244 Avalon Drive, Vista, California 92084 (the "Property"). **(Exhibit 1**, DOT attached to the concurrently-filed Request for Judicial Notice ("RJN")).  The DOT identifies Fremont Investment & Loan ("Fremont") as the lender, Plaintiff and her ex-husband as the Borrowers, Fremont General Credit Corporation ("Fremont Credit") as the trustee, and Mortgage Electronic Registration Services ("MERS") as the beneficiary and nominee for the lender.  Also on September 7, 2005, Plaintiffs executed a second DOT ("Second DOT") (recorded as instrument #2005-0787006 in the Official Records of San Diego County) in the amount of $100,000.00 ("Loan #2") which was secured by the Property.  The Second DOT identifies Fremont as the lender, Plaintiff and her ex-husband as the Borrowers, Fremont Credit as the trustee, and MERS as the beneficiary and nominee for the lender. (RJN, **Exhibit 2**).

A Notice of Default was recorded against the Property on January 22, 2009 indicating Plaintiff was $18,956.41 in arrears pursuant to their obligations under the DOT (Loan #1). (RJN, **Exhibit 3**).  On January 29, 2009, a Substitution of Trustee was executed in favor of Quality

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Loan Service Corporation ("QLS"). (RJN, **Exhibit 4**). On February 18, 2011, the beneficial interest under the DOT (Loan #1) was assigned to HSBC Bank USA, National Association, As Trustee for the Benefit of the Certificateholders of Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM1 ("HSBC Bank as Trustee"). (RJN, **Exhibit 5**).

Plaintiff filed the Complaint on or around December 27, 2011 in the U.S. District Court, Southern District of California, bearing case number 3:11-cv-03017-BTM-NLS. (RJN, **Exhibit 6**). On or around January 18, 2012, Plaintiff filed a First Amended Complaint ("FAC"). (Id.).

On July 23, 2012, this Court granted Ocwen's Motion to Dismiss Plaintiff's FAC in part, and denied it in part. (RJN, **Exhibit 7**). Plaintiff's claim for Attorney's Fees and Sanctions was dismissed without prejudice. (Id., p. 8, lines 20-26). In the Court's Order on Defendant's Motion to Dismiss Plaintiff's FAC and Preliminary Injunction Motion (the "Order"), the Court noted that "Plaintiff does not, however, explain why she did not name Ocwen Loan Servicing, LLC, as a defendant and does not set forth the theory under which the parent company [Ocwen Financial Corporation] would be liable for the actions of the LLC." (Id., p. 1, footnote). Plaintiff's SAC was filed on August 7, 2012 setting forth three causes of action versus Ocwen Financial Corporation for breach of contract, permanent injunction, and legal fees.

### III. LEGAL ARGUMENT

#### A. All Of Plaintiff's Claims Fail Because Plaintiff Refuses To Name The Proper Party Defendant.

All of Plaintiff's claims in the SAC fail, because Plaintiff continues to name Ocwen Financial Corporation as Defendant and refuses to name Ocwen Loan Servicing, LLC ("OLS") as defendant despite the Court's statement that OLS is the proper party to this action.

In <u>Kimmons v. Veterans Admin. Hosp.</u>, the proper party defendant in the action was the Administrator of the Veterans Hospital. It was undisputed that the caption of Kimmons' complaint named only the VA Hospital. Therefore, Kimmons failed to name the proper party defendant and the district court did not err in dismissing the case. <u>Kimmons v. Veterans Admin.</u>

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Hosp., Martinez, Cal., 855 F.2d 861 (9th Cir. 1988); *see also* Hymen v. Merit Sys. Protection Bd., 799 F.2d 1421 (9th Cir.1986).

Here, on July 23, 2012, the Court issued the Order. (RJN, **Exhibit 7**). The Order noted that "Plaintiff does not, however, explain why she did not name Ocwen Loan Servicing, LLC, as a defendant and does not set forth the theory under which the parent company [Ocwen Financial Corporation] would be liable for the actions of the LLC." (Id., p. 1, footnote). Plaintiff's SAC was filed on August 7, 2012 setting forth three causes of action versus Ocwen Financial Corporation, and none versus OLS. Therefore, in the SAC, Plaintiff again refuses to name the proper defendant despite the Court's warning that OLS is the proper defendant, and not Ocwen Financial Corporation.

Since Plaintiff continually refuses to name the proper party defendant, Defendant's Motion to Dismiss should be granted with prejudice as against Defendant.

**B.     Plaintiff's Claims Fail Because Plaintiff Fails To Allege Why Or How Defendant Would Be Liable For The Alleged Actions Taken By OLS And Because A Parent Company Is Not Necessarily Liable For Actions Taken By A Subsidiary.**

Because Plaintiff fails to allege why Defendant would be liable for the alleged actions of OLS and because a parent company is not necessarily liable for its subsidiary, all of Plaintiff's claims fail.

It is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes. Doe v. Unocal Corp., 248 F.3d 915, 925 (9th Cir. 2001); Transure, Inc. v. Marsh and McLennan, Inc., 766 F.2d 1297, 1299 (9th Cir.1985). Two exceptions to that general rule exist, however - a subsidiary's contacts may be imputed to the parent where the subsidiary is the parent's alter ego, or where the subsidiary acts as the general agent of the parent. Doe v. Unocal Corp., *supra*, 248 F.3d at 928-30. To satisfy the alter ego exception to the general rule that a subsidiary and the parent are separate entities, the plaintiff must make out a prima facie case "(1) that there is such unity of interest and

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

1  ownership that the separate personalities [of the two entities] no longer exist and (2) that failure
2  to disregard [their separate identities] would result in fraud or injustice." Id. at 926. The plaintiff
3  must show that the parent exercises such control over the subsidiary so as to "render the latter the
4  mere instrumentality of the former." Id.   To satisfy the agency test, the plaintiff must make a
5  prima facie showing that the subsidiary represents the parent corporation by performing services
6  "sufficiently important to the [parent] corporation that if it did not have a representative to
7  perform them, the [parent] corporation ... would undertake to perform substantially similar
8  services."  Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122,
9  1134-35 (9th Cir. 2003).

10  Plaintiff fails to allege any relationship between Ocwen Financial Corporation and OLS
11  exists at all, let only allege Defendant should be liable for actions taken by its subsidiary, OLS.
12  (SAC, *generally*).  Again, the Court was clear that "Plaintiff does not, however, explain why she
13  did not name Ocwen Loan Servicing, LLC, as a defendant and does not set forth the theory under
14  which the parent company [Ocwen Financial Corporation] would be liable for the actions of the
15  LLC." (Id., p. 1, footnote).  Despite the Court's comment, Plaintiff does not allege that either of
16  the exceptions, alter ego or agency, applies to make Defendant potentially liable for the
17  purported actions taken by OLS.  Plaintiff has failed to meet it burden to make a prima facie
18  case that one of these two exceptions applies.

19  For these reasons, Plaintiff's SAC fails and Defendant's Motion to Dismiss should be
20  granted with prejudice.

21  **C.    Plaintiff's Request For A Permanent Injunction Is Inappropriate Because**
22  **There Has Been No Final Ruling On The Merits**

23  A permanent injunction is merely a remedy for a proven cause of action. City of South
24  Pasadena v. Department of Transportation (1994) 29 Cal App.4th 1280, 1293-1294. "It may not
25  be issued if the underlying cause of action is not established." Id.  It is awarded where the
26  plaintiff **has prevailed on the merits** on a cause of action and equitable relief is appropriate.
27  Id.

28

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Here, Plaintiff has not prevailed on the merits as this lawsuit is still pending. Moreover, no one is moving forward on foreclosure as the injunction has been granted. (RJN, **Exhibit 7**). Therefore, Plaintiff's claim for a permanent injunction is inappropriate at this time and must be denied.

### D.  Plaintiff Is Not Entitled To Emotional Distress Damages Or General Damages

Plaintiff is not entitled to emotional distress damages or general damages in a breach of contract case such as this one.

"Damages for mental suffering and emotional distress generally are not recoverable in contract actions." Applied Equip. Corp. v. Litton Saudi Arabia Ltd. (1994) 7 Cal.4th 503, 514. The burden of proof is on the party claiming damages to prove that he or she has suffered damage and to prove the elements of those damages with reasonable certainty. Carpenter Foundation v. Oakes (1972) 26 Cal. App.3d 784, 799. In an action for breach of contract, the plaintiff must prove that the breach was the cause of the damage. Civ. Code §3300; Greening v. Gen. Air-Conditioning Corp. (1965) 233 Cal.App.2d 545, 549.

Since mental suffering damages, emotional distress damages and other types of general damages are not recoverable in breach of contract cases, Plaintiff cannot recover them here. Further, she only requests general damages in the Prayer for Relief, but does not state in the body of the SAC why she should be entitled to same. (SAC, *generally*, Prayer for Relief). Regardless, the law is clear that such damages are not recoverable in breach of contract cases.

### IV.  CONCLUSION

Plaintiff fails to plead facts sufficient to state any cause of action against Ocwen Financial Corporation for which relief can be granted. As such, Defendant's Motion to Dismiss Plaintiff's SAC should be granted in its entirety with prejudice. Defendant respectfully requests

/ / /

/ / /

6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

1  that the Court grant its Motion to Dismiss with prejudice and issue any other such relief the
2  Court deems just and appropriate.

3  Dated: August 24, 2012                    **HOUSER & ALLISON**
                                              A Professional Corporation

                                              /s/ *Bryan P. Regan*
                                              ERIC D. HOUSER
                                              BRYAN P. REGAN
                                              Attorneys for Defendants, Ocwen Loan
                                              Servicing, LLC, and Ocwen Financial
                                              Corporation

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA   )
                     ) SS
COUNTY OF SAN DIEGO  )

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 701 Palomar Airport Drive, Suite 200 Carlsbad, California 92011

On **August 24, 2012**, I served the following document(s) described as follows:

**NOTICE OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**

on the following interested parties in this action:

> Joseph J. Rego, Esq. (SBN: 163183)
> Law Office of Joseph Rego
> 3443 Camino Del Rio S., Ste 300
> San Diego, CA 92108

[X]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF system to the e-mail addresses listed above. I am readily familiar with firm's Microsoft Outlook e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete, without error.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on **August 24, 2012** at Carlsbad, California.

/s/ *Bryan P. Regan*

1