Joseph J. Rego, Esq. (SBN: 163183)
Law Office of Joseph Rego
3443 Camino Del Rio S., Ste 212
San Diego, CA 92108
Tel: 619-564-8725
Fax: (619) 564-8807
Email: joerego@regolaw.com

Attorney for Plaintiff
CHAUNTEL RAMPP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNTEL RAMPP, <br><br> Plaintiff <br><br> vs. <br><br> OCWEN FINANCIAL CORPORATION, OCWEN LOAN SERVICING LLC, NOMURA CREDIT & CAPITAL, INC., EQUITY ONE, INC., WELLS FARGO BANK, NATIONAL ASSOCIATION, HSBC BANK USA, NATIONAL ASSOCIATION, <br><br> Defendants; | CASE NO.: 11-cv3017 BTM(NLS) <br><br> **THIRD AMENDED COMPLAINT FOR** <br><br> 1. **Breach of Contract;** <br> 2. **Permanent Injunction;** <br> 3. **Legal Fees Pursuant to Terms of Contract, and in Compliance with California Civil Code Section 1717;** <br> 4. ACCOUNTING; <br> 5. SLANDER OF TITLE; <br> 6. APPLICABILITY OF AB-278 |

FACTS:

1. At all times material to this complaint, Plaintiff CHAUNTEL RAMPP, was a resident of the County of San Diego and the owner of the real property which is the subject of this action, and commonly known as 244 Avalon Drive, Vista, CA 92084, California and more particularly described as a single family residence, non-commercial.

CHAUNTEL RAMPP commenced this action as a "married woman", she continues this matter now as a widow, her second husband, RUSSEL BLACKWOOD, died unexpectedly on 01-01-2013.

2 Said property is the subject of this lawsuit and all claims made herein are based upon the purchase and the ownership of said property in the names(s) of the plaintiff.

3. Defendant OCWEN FINANCIAL CORPORATION is a FLORIDIAN Corporation, (herein after referred to as OCWEN), incorporated in the State of FLORIDA.

4. Defendant OCWEN LOAN SERVICING LLC is a Corporation, (herein after referred to as OCWEN LLC), incorporated in the State of CALIFORNIA, and to the knowledge and belief of this Plaintiff, at this time and continues to operate in the State of California.

5. Defendant NOMURA CREDIT & CAPITAL, INC., is a Corporation, (herein after referred to as NOMURA), incorporated in the State of DELAWARE, and to the knowledge and belief of Plaintiff, at this time and continues to operate in the State of Delaware.

6. Defendant EQUITY ONE INC., is a Corporation, (herein after referred to as EQUITY ONE), incorporated in the State of DELAWARE, and to the knowledge and belief of Plaintiff, at this time and continues to operate in the State of Delaware.

7. Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION, is a Corporation, (herein after referred to as WELLS FARGO), incorporated in the State of DELAWARE, and to the knowledge and belief of Plaintiff, at this time and continues to operate in the State of

Delaware.

8. Defendant HSBC BANKS USA, NATIONAL ASSOCIATION, is a Corporation, (herein after referred to as HSBC), incorporated in the State of DELAWARE, and to the knowledge and belief of Plaintiff, at this time and continues to operate in the State of Delaware.

9. Plaintiffs are ignorant of the Defendants sued as Does 1-20 herein, and thereon allege that said Doe defendants are the agents, employees, representatives, subsidiaries, and controlled entities of the named defendants here and that each Doe defendant at all times herein was acting as the agent or representative of each other and thereby are responsible in some manner for the injuries and damages complained of herein. Plaintiff will seek leave of court to amend this complaint to name the true names and capacities of Doe defendants when the same are ascertained.

10. Defendant "OCWEN" and its agents, officers, employees, and affiliated or associated parties have engaged in, and continue to engage in, a pattern of unlawful, fraudulent or unfair predatory real estate lending practices.

11. The Plaintiff entered into a valid contact for the modification of the loan on the real estate described on *04/04/2011*. (See attached exhibit "A", which was accepted).

This loan modification contract was the result of two years of frustrating labor, complicated bankruptcy proceedings (whereby the lender was paid $14,300.00 in a lump sum for loan arrears), transmission by the plaintiff to the lender of over 500 pages of documents and numerous hours of communication with the lender Litton.

12. The loan modification was finally approved for the Plaintiff Ms. Rampp, (see Attached exhibit, "A"), with no unfulfilled contingencies, and this Plaintiff complied with all the conditions of the contract for modification, including, but not limited to, making payments timely.

13. OCWEN is the assignee of the loan, see attached Exhibit "B".

14. When OCWEN, purchased the loan, OCWEN received an Assignment of Rights and Delegation of Duties from Litton, the predecessor in interest. An assignment of rights is a concurrent delegation of duties.

15. OCWEN had no option to void the previous contract, and is bound by the obligations of the contract.

16. Real property is UNIQUE so damages are not adequate for this Plaintiff; equitable relief of Specific Performance is warranted.

17. According to the terms of the contract which OCWEN purchased, legal fees are payable upon breach. Under Civil Code Section 1717, Plaintiff is entitled to recover legal fees and costs.

18. Defendant's NOMURA, EQUITY ONE, WELLS FARGO BANK, and HSBC BANK are all agents of each other, and, created a legal entity, a "pooling agreement", (see attached exhibit to 3rd Am. Complaint) which originated the rights of OCWEN as servicer for the existing loan to this Plaintiff.

Named parties above, NOMURA, EQUITY ONE, WELLS FARGO BANK, and HSBC BANK, are the agents of each other and act in scope of authority with each other, as such there is direct contractual privity between this Plaintiff and the named Defendants, OCWEN, MONURA, WELLS FARGO BANK, and HSBC BANK.

19. Defendant WELLS FARGO BANK, was sued by the Federal Prosecutor PREET BHARARA, case number 12-cv-7527, Plantiff will file notice of motion and motion to be joined in any restitution available and/or any causes of action she may have against Wells Fargo vis a vis the causes of action sought in this Complaint., (see attached exhibit to 3rd Am. Complaint).

20. Since the passage of AB-278 effective 01-01-2013. See section 2923.(6)(a), there is a direct obligation of all parties under a "pooling service' agreement to implement loan modification or workout plan. (see attached exhibit to 3rd Am. Complaint).

Has this Plaintiff bee allowed to make her monthly payments she would have been entitled to mortgage reduction assistance and as such would have had the principal reduced.

She could not however because of the Slander to her Title, by the actions of the Defendant's and each of them by declaring her property to be in default when it fact it was not.

I.

### FIRST CAUSE OF ACTION BREACH OF CONTRACT

21. The allegations of paragraphs 1-21 are alleged again and incorporated herein by this action is against all defendants.

22. On or about APRIL 4, 2011, for valuable consideration, Plaintiff, as borrower, made, executed and delivered to defendants, the predecessor in interest to OCWEN, a valid contract (See exhibit "A").

23. Plaintiff was later notified that she was in breach of contract for no reason. Plaintiff was further notified that no contract existed between the parties here, OCWEN and the Plaintiff.

24. Plaintiff seeks a judicial determination and declaration of her rights in the contract, and enforcement of the contract.

II.

### SECOND CAUSE OF ACTION PERMANENT INJUNCTION

25. The allegations of paragraphs 1-24 are alleged again and incorporated herein by reference.

26. On or about, (See attached Exhibit C), Plaintiff was notified that she was in breach of contract for no reason, and/or that no contract existed between the parties.

27. Plaintiffs will be subjected to irreparable harm and loss of their real property

described herein unless the court issues a preliminary and permanent injunction,

stopping the pending foreclosure initiated by defendants and maintaining the status quo until the

matter is resolved through trial or other means.

28. As this property is unique, damages per se will not adequately compensate this Plaintiff.

Plaintiff Rampp is entitled to injunctive relief in this matter based upon the following: the allegations pled, evidence submitted, and further argument and evidence to be heard by this Court.

The Honorable Judge Moskowitz of this Court granted a Preliminary Injunction in this matter on 07/23/2012; see Docket Entry 35 of this Case in Federal District Court.

## III.

### THIRD CAUSE OF ACTION

### LEGAL FEES PAYABLE PURSUANT TO THE TERMS OF THE CONTRACT

29. The allegations of paragraphs 1-28 are alleged again and incorporated herein by reference.

30. See Exhibit "A", Contract between the parties, specifically Paragraph (6) (D) " All costs and expenses incurred by Lender in connection with the Agreement including recording fees, title examination, **and attorney's fees, shall be paid** by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender." In application of Reynolds Metals Co. vs. Alperson 25 Cal. 3d. 124, and analysis of Civil Code Section 1717 (2) Section was enacted to establish mutuality of remedy where contractual provision makes recovery of attorney's fees available for only one party…Its purposes require section 1717 to be interpreted to further provide a reciprocal remedy for a non-signatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant.

V.

## FOURTH CAUSE OF ACTION

## ACCOUNTING

31. The allegations of paragraphs 1-30 are alleged again and incorporated herein by reference.

32. Plaintiff paid a direct payment of $14,333.21 to Defendant, said payment was made by direct payment from Bankruptcy Trustee when the Plaintiff was in Bankruptcy. This Plaintiff has not received credit on her loan for this payment, nor accounting by the Defendant.

V.

## FIFTH CAUSE OF ACTION

## SLANDER OF TITLE

33. The allegations of paragraphs 1-32 are alleged again and incorporated herein by reference.

34. Plaintiff's title to real estate of Slandered by the actions of these Defendant's, the title to The real estate was placed in Default, when in fact the real estate was not in Default.

35. This Plaintiff was denied access to use of new programs which would have rewarded her for timely payments, and for which she could have been entitled to reduction in principal on the loan.

VI.

## SIXTH CAUSE OF ACTION

## APPLICAIBILITY OF AB-278

36. The allegations of paragraphs 1-35 are alleged again and incorporated herein by reference.

37. This Plaintiff is entitled to all of the rights and protections of AB-278 as this law is "substantive" under the , "Erie" doctrine is therefore directly applicable to this case.

Such protections include, but are not limited tp payment of legal fees, and agency of the

"pooling service" agreement entered into.

WHEREFORE PLAINTIFF PRAYS:

1. For general damages according to proof, in an amount of not less than $80,000.00

2. For special damages according to proof, in an amount not less than $80,000.00;

3. For statutory damages if applicable, as outlined within the complaint and as determined by the facts of this case;

4. For a Permanent Injunction stopping and restraining Defendants from proceeding with any notice of sale of the property and to restrain defendants from pursuing foreclosure upon the property until the claims herein have litigated and an adjudication by the parties and enforcement of the contract entered into by the parties on 04-04-2011;

5. For a Permanent Injunction against all defendants ordering all foreclosure proceedings cease until further order of the court;

6. For a Declaration of Rights of the Parties as to the subject property of this action;

7. For Legal Fees and Costs as provided for in the Contract and applicability of California Civil Code 1717, in an amount not less than $50,000.00;

Respectfully submitted

Dated: *01-28-2013*                  /s/Joseph Rego

                                     THE LAW OFFICE OF JOSEPH REGO
                                     Joseph J Rego
                                     Attorney for Plaintiff